# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

GOLDSTEIN, GARY IRA
GOLDSTEIN, JESSICA PAM

              Debtors

CHAPTER 7

CASE NO. 4-10-03160-EWH

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO PERMIT
LITIGATION OF CLAIMS IN THE
ARIZONA COURT OF APPEALS AND
PIMA COUNTY SUPERIOR COURT**

       Creditors, Edmund Krasinski, Jr. and Laurie Krasinski, husband and wife,

("Krasinskis"), move this Court, pursuant to 11 U.S.C. § 362(d) and Rule 4001-1 of the

Local Rules of Bankruptcy Procedure for the District of Arizona, for an order granting

relief from the automatic stay to permit litigation of claims among the Krasinskis and the

Debtors, which are currently pending before the Arizona Court of Appeals and the Pima

County Superior Court.  This Motion is supported by the accompanying Memorandum of

Points and Authorities and the attached exhibits, which are incorporated by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Factual and Procedural Background

       This Motion for Relief from Automatic Stay concerns litigation currently pending

between the debtors and the Krasinskis before the Arizona Court of Appeals and the Pima

County Superior Court.  Simultaneously with the filing of this Motion, the Krasinskis

filed a Complaint to Determine Dischargeability of Debt ("Dischargeability Complaint").

On October 30, 2007, the Krasinskis filed suit in Pima County Superior Court, Case No. C20076323 ("Lawsuit"), against the debtors for damages arising out of a joint medical practice arrangement between Edmund Krasinski and Gary Goldstein. A Second Amended Complaint, seeks damages for breach of fiduciary duty, fraud, intentional interference with contract, tort, and scheme and artifice to defraud. [Exhibit 1]. The debtors answered the Krasinskis' Complaint and asserted Counterclaims for Breach of Fiduciary Duties, Conversion and Fraud/Scheme or Artifice to Defraud. [Exhibit 2]. The Goldsteins filed an amended answer and counterclaim abandoning their counterclaims for Breach of Fiduciary Duty and Fraud/Scheme or Artifice to Defraud. [Exhibit 3]. All of the claims and counterclaims arise under Arizona law and no pre-petition basis for federal jurisdiction exists.

As described in more detail in the Dischargeability Complaint, because the claims against the debtors in the Lawsuit allege fraud, fiduciary fraud and willful injuries, the Krasinskis seek not only a liquidation of the amount of the damages against the debtors, but a determination that such debt is not dischargeable under 28 U.S.C. § 523(a).

After the parties actively litigated the case for sixteen months, including extensive discovery and motion practice, the debtors belatedly sought to enforce an arbitration clause weeks before a scheduled jury trial. The Superior Court granted the Goldsteins' Motion to stay proceedings pending arbitration, [Exhibit 4], and the Krasinskis appealed the ruling. Prior to the debtors' filing of the petition herein, the appeal, 2 CA-CV 2010-0019, *Krasinski v. Goldstein, E.K. & G.G. Gastroenterology, Ltd.,* was fully briefed and "at issue" on whether case should be decided by a jury or an arbitration panel. [Exhibit

5]. Upon receipt of a notice of the debtors' bankruptcy filing, the Arizona Court of Appeals suspended further proceedings pending a ruling in this Court. [Exhibit 6].

## II. This Court Should Lift the Automatic Stay For "Cause" Under 11 U.S.C. § 362(d)(1).

Because the Lawsuit has been pending in Arizona courts for almost three years and was progressing toward resolution until the debtors filed the petition, judicial economy would be served by having the claims decided in state court. *See, e.g., Transamerica Insurance Co. v. Olmstead (In re Olmstead),* 608 F.2d 1365, 1368 (10th Cir. 1979) (court may properly consider judicial economy as a factor in lifting stay). Indeed, the Lawsuit is postured so that a trial or arbitration can commence shortly after the Court of Appeals decides the forum; discovery, disclosure and briefing on dispositive motions has been completed before the Pima County Superior Court. Moreover, there is no prejudice to the bankruptcy estate as the Krasinski claims must be adjudicated in any event due to the pendency of the Complaint to Determine Dischargeability of Debt. Because the claims involve only state law claims, they do not require any special expertise from the bankruptcy court and do not constitute a core proceeding. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1168 (9th Cir. 1990).

Although "cause" for relief from the automatic is not statutorily defined, the legislative intent of Section 362 and Ninth Circuit authority strongly support lifting the automatic stay to allow claims such as this to be litigated in state court. As indicated in the House Judiciary Report for Section 362:

> "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-344. Consistent with this legislative intent, the Ninth Circuit has held that where a bankruptcy court may abstain from state adjudication, cause exists for lifting the stay. *In re Castlerock Properties,* 781 F.2d 159, 163 (9th Cir. 1986). A bankruptcy court may abstain in favor of state court adjudication "in the interest of justice or in the interest of comity with State Courts or respect for the State law." 28 U.S.C. § 1334(c)(1). Several Ninth Circuit authorities support the concept of lifting the stay to permit resolution in state court. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1168 (9th Cir. 1990); *In re Kemble,* 776 F.2d 802, 807 (9th Cir. 1985) (extensive preparation for trial alone suffices for abstention); *In re Castlerock Properties,* 781 F.2d 159, 163 (9th Cir. 1986) (state claims and imminent trial justify lifting stay).

In evaluating whether to lift the stay to permit litigation in state courts, courts consider whether the equities support a finding of "cause." For example, the 4th Circuit Court of Appeals articulated factors to consider:

> The factors that courts consider in deciding whether to lift the automatic stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court;

and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *Robbins v. Robbins (In re Robbins),* 964 F.2d 343, 345 (4th Cir. 1992).

Applying these factors to the Lawsuit underscores the reasonableness of lifting the stay herein. First, the issues in the pending litigation involve state tort claims, including claims for fraud, fiduciary fraud and willful and injurious conduct. The Arizona courts are well positioned to address these claims. This Court's bankruptcy expertise is unnecessary to adjudicate these claims. Second, lifting the stay will promote judicial economy by utilizing the state court's experience addressing these claims. Indeed, the pending claims have been litigated in state court since October of 2007. Litigating these issues in this Court (or the District Court) would require this Court to perform redundant judicial tasks, including informing itself about almost three years of complex litigation, with thousands of pages of evidence. Third, the bankruptcy estate will be protected because the judgment will be enforceable only to the extent that this Court determines the debt to be non-dischargeable.

In addition, there is no prejudice to the debtors or the estate created by lifting the stay. The issues surrounding the Lawsuit must inevitably be litigated. All concerned parties benefit from the experience and familiarity possessed by the Arizona courts.

For the foregoing reasons, the Krasinskis respectfully request that this Court issue an order, pursuant to 11 U.S.C. § 362(d)(1), granting relief from the automatic stay to permit litigation of the issues in state court.

DATED: April 21, 2010

**MUNGER CHADWICK, P.L.C.**


By:     /s/ Mark E. Chadwick            
              Mark E. Chadwick
              State Bar No. 014991
              Michael J. Meehan, of Counsel
              State Bar No. 002902
              **MUNGER CHADWICK, P.L.C.**
              333 N. Wilmot, Suite 300
              Tucson AZ  85711
              (520) 721- 1900
              Attorneys for Plaintiffs